Matthew A. Barlow (#9596)
mbarlow@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

*Attorneys for Plaintiff*
*Maverik, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MAVERIK, INC., a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> MAVERIK OILS LLC, a California limited liability company, <br><br> Defendant. | Case No.: 25-cv-820 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge: |

Plaintiff Maverik, Inc. (hereinafter, "Maverik" or "Plaintiff"), by and through its undersigned counsel, hereby complains and alleges against Defendant Maverik Oils LLC, as follows:

**THE PARTIES**

1.      Maverik, Inc. is a Utah corporation with its principal place of business at 185 S. State St., Suite 800, Salt Lake City, Utah 84111-1549.

2.      On information and belief, Maverik Oils LLC ("Maverik Oils" or "Defendant") is a California limited liability company with its principal place of business at 1931 W. Park Avenue, Redlands, California 92373. Upon information and belief, Maverik Oils transacts business in Utah,

including in this District. Maverik Oils may be served with process through service upon its registered agent, Chase Newman-Brewer, 1931 West Park Ave., Redlands, CA 92373.

## NATURE OF THE CLAIMS

3.    This is an action for trademark infringement, unfair competition, and false designation of origin, arising under Section 43 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; violations of Utah Code § 70-3a-403; and unfair competition under Utah law.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 because this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

5.    This Court has subject matter jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) because the claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

6.    This Court has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the claims that arise under the Lanham Act of the United States. Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate that the state and federal issues be consolidated for a single trial.

7.    Upon information and belief, Defendant has placed or used the mark MAVERIK OIL or colorable imitations thereof, on or in connection with oil products and has introduced the same into interstate commerce within the United States, including within this judicial district.

8.      Upon information and belief, Defendant markets oil products using the MAVERIK OIL mark or colorable imitations thereof, throughout the United States and within this judicial district, by way of its website located at https://maverikoils.com/ and other marketing channels.

9.      Upon information and belief, this Court has specific jurisdiction over Defendant based on Defendant's purposeful direction of Defendant's promotional and advertising activities and sales of Defendant's goods and services to residents and customers in Utah.

10.      Further, this Court has personal jurisdiction under Utah's long-arm statute, Utah Code § 78B-3-201 *et seq.*, because, upon information and belief, (1) Defendant has transacted business in Utah; (2) Defendant has contracted to supply products or services in Utah; and (3) Defendant has caused injury to Utah through its tortious acts.

11.      Furthermore, jurisdiction based on Defendant's contacts with Utah (including, but not limited to, marketing and sale of products and services) is consistent with the Constitution of the State of Utah or the Constitution of the United States.

12.      Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district and/or Maverik Oils has committed acts of infringement within this judicial district, and, upon information and belief, Maverik Oils is subject to personal jurisdiction pursuant to Utah's long-arm statute, Utah Code § 78B-3-201 *et seq.*

## **BACKGROUND**

13.      Maverik is the largest independent fuel marketer in the Intermountain West. Maverik operates gas stations and convenience stores in more than 800 locations across 20 States. Maverik is well known for its fuel services and premium food products, and the value it provides on fuel, drinks, and snacks.

14.     Maverik began in Afton, Wyoming, when Reuel Call opened a two-pump gas station in 1928. The business soon grew, and Call began providing fuel to surrounding towns and ranches. Maverik is now based in Salt Lake City, Utah, has convenience stores and fuel stations across 20 States, and employs over 14,000 individuals, providing products to energize individuals and fuel vehicles.

15.     Maverik offers a variety of goods and services under the mark "MAVERIK."

16.     Maverik provides retail store services, featuring travel essentials, travel foods, drinks, and snacks under the "MAVERIK" mark.

17.     These foods, drinks, and snacks include carbonated beverages, a variety of snacks, such as potato chips, salads, yogurts, cookies, donuts, and fresh-made, gourmet burritos, sandwiches, pizzas, toasted-subs, cookies, and coffee blends from around the world.

18.     Consistent with its origins, Maverik sells fuel, gasoline, diesel fuel, and additives for fuel, as well as other petroleum products under the "MAVERIK" mark.

19.     Maverik also sells motor oil under the "MAVERIK" mark.

20.     Maverik has used the mark "MAVERIK," with its distinctive spelling, in connection with its goods and services since at least 1960, and as a consequence of such use has developed and owns substantial rights in the mark.

21.     Through its continued use of the mark MAVERIK in commerce, Maverik has secured registered and common law rights in and to marks using MAVERIK, with its distinctive spelling (the "MAVERIK Marks").

22.     Maverik owns the following United States trademark registrations for the MAVERIK Marks:

| Registration | Mark | Goods and Services |
|---|---|---|
| 3297185 | MAVERIK | IC 035 – retail store services featuring convenience store items and gasoline |
| 7279982 | MAVERIK | IC 001 – Chemical Additives for Fuel; Diesel Exhaust Fluid |
| | | IC 004 - Fuel; Gasoline; Diesel Fuel; Motor Oil |
| | | IC 029 - Convenience Store Food, namely, potato chips; Travel Snacks, namely, potato puffs; Vegetable Salads; Chef salads being vegetable salads; Side salads being vegetable salads; Italian salads being vegetable salads; Potato Chips; Food, namely, chili; Convenience store food, namely potato-based snack foods; Food Products, namely, chili |
| | | IC 030 – Food, namely, parfaits, sandwiches, sandwich wraps, pizza, tacos, cheeseburger sandwiches, yogurt parfaits, and ready-to-eat biscuits and gravy; Food products, namely, pizza, yogurt parfaits, and kits comprised of ingredients for preparing pizza; Convenience store food, namely, pizza; Travel snacks, namely, mini tacos, taquitos, egg rolls, yogurt and fruit parfaits, and empanadas; Snacks, namely, edible cookie dough not intended for baking, tortilla chips, nacho chips, mini tacos, and egg rolls; Sandwiches; Burritos; Baked goods, namely muffins, cookies, donuts, French toast, cinnamon rolls, pastries; Coffee; Candy; Food, namely, hot dog sandwiches, nachos, cheese sauce, and chili sauce; Baked goods, namely, hot dog buns; Food, namely, baked goods in the nature of processed-grain-based food bars; Snacks, namely, cheese sauce, chili sauce, and nachos |
| | | IC 031 – Food, namely, fresh apples and fresh oranges |
| | | IC 032 – Non-alcoholic carbonated beverages; Fountain drinks being non-alcoholic carbonated beverages; Soft Drinks |

| 6298518 | MAVERIK | IC 009 – Magnetically encoded payment cards; Magnetically encoded debit cards; Magnetically encoded gift cards; Magnetically encoded loyalty rewards cards; Magnetically encoded payment cards in the fields of transportation and convenience store services; Magnetically encoded cards, namely, debit cards, gift cards, and loyalty rewards cards in the fields of transportation and convenience store services; Downloadable software applications for collecting, organizing and displaying digital data relating to customer information, retail information and customer rewards in the transportation industry; Downloadable software applications for accumulation of rewards amongst users; Downloadable mobile phone applications for collecting, organizing, and displaying digital data relating to customer information, retail information, and customer rewards in the transportation industry; Downloadable mobile phone applications for accumulation of rewards points among users; Downloadable application software for mobile phones and tablet and hand-held computers, namely, downloadable software for processing financial transactions in the transportation industry |
|---------|---------|---|
| | | IC 035 – Retail store services featuring travel essentials, travel foods, drinks, and snacks, and other travel items; Retail store services featuring convenience store items and gasoline; Retail store services featuring food, beverages, snacks, fuel and petroleum based products; retail convenience store services; Providing incentive award programs for customers through the distribution of magnetically encoded loyalty rewards cards and through issuance and processing of loyalty points for on-line purchase of a company's goods and services for the purpose of promoting and rewarding loyalty |
| | | IC 036 – Issuing payment cards in the nature of debit cards, charge cards, and prepaid payment cards; Issuing payment cards, |

| | | |
|---|---|---|
| | | namely debit cards, prepaid gift cards, and fleet cards in the nature of charge cards, in the fields of transportation and convenience store services; Issuing debit cards; Issuing prepaid cards in the nature of prepaid gift cards; Issuing fleet cards in the nature of charge cards; Payment card services in the nature of magnetically encoded card payment processing services; Charge card and debit card payment processing services in the fields of transportation and convenience store services; Fleet card services in the nature of charge card payment processing services for use in the transportation industry; Issuing magnetically encoded loyalty reward cards for use in connection with financial transactions by customers |
| 7715698 | MAVERIK | IC 035 – Online retail store services in the fields of food and travel items; Online retail store services featuring goods, namely, food and travel items, in an online database; Operating retail convenience stores; Operating retail convenience stores featuring goods in the nature of food and travel items in an online database |
| 5837200 | **MAVERIK** | IC 009 – Software applications for collecting, organizing and displaying digital data relating to customer information, retail information and customer rewards in the transportation industry; Software applications for accumulation of rewards amongst users; Mobile phone applications for collecting, organizing, and displaying digital data relating to customer information, retail information, and customer rewards in the transportation industry; Mobile phone applications for accumulation of reward points amongst users; Application software for mobile phones and tablet and hand-held computers, namely, software for processing transactions in the transportation industry

IC 035 – Retail store services featuring travel essentials, travel food, drinks, and snacks, and other travel items; Retail store services |

| | | featuring convenience store items and gasoline; Retail store services featuring food, beverages, snacks, fuel and petroleum-based products; Retail convenience store services; Providing incentive award programs for customers for the purpose of promoting and rewarding loyalty |
| --- | --- | --- |

(collectively, the "MAVERIK Registrations"). Printouts from the TSDR Database of the MAVERIK Registrations are attached hereto as Exhibits 1–5, respectively. As a result of substantial sales, advertising, and promotion, Maverik's MAVERIK Marks have become widely and favorably known as identifying Maverik's goods and services and have become intellectual property assets of considerable value to Maverik.

      23.     The marks in U.S. Registration Nos. 3297185, 7279982, 6298518, 7715698, and 5837200 are incontestable under Trademark Act Section 15, 15 U.S.C. § 1065.

      24.     Maverik is also the owner of the following pending trademark applications filed with the United States Patent and Trademark Office:

| Serial No. | Mark | Goods and Services |
| --- | --- | --- |
| 97881278 | MAVERIK | IC 014 – Lapel pins; Collectible pins; Pins being jewelry<br><br>016 – Stickers; Collectible stickers for water bottles and laptops; Stickers for product labels; Decals; Paperboard containers for food products; Paper-based containers for food products; Hot dog containers; Paper-based containers for hot dogs<br><br>IC 017 – Adhesive tape for industrial or commercial packing use; Adhesive packing tape for industrial or commercial use<br><br>IC 018 – Backpacks; Plastic shopping bags; Disposable shopping bags; Tote bags |

| | | |
|---|---|---|
| | | IC 021 – Water containers being drinkware; Water bottles sold empty; Cups; Water bottles, empty; Coffee cups; Soft drink cups; Mugs<br><br>025 – Clothing, namely, t-shirts, sweatshirts, sweaters, jackets, coats, vests, socks, stockings, head-wear, namely, hats, caps, beanies, headbands, bandanas; Clothing accessories, namely, gloves, scarves |
| 90567778 | MAVERIK | IC 035 - Information services, namely, providing information in the fields of convenience store products and services, store locations, product discounts, and product offerings; Providing an online retail convenience store via a website; Providing information about convenience store services and products via the internet; Providing information about convenience store services and products via online platforms; Providing online information in the field of convenience stores; Providing information in the field of convenience store goods and services; Providing online information via electronic social media in the field of convenience store goods and services; Online information services, namely, providing information via social media in the fields of convenience store products and services, and store locations; Providing information via a global computer network in the field of convenience store goods and services<br><br>IC 041 - Information services, namely, providing information in the fields of outdoor recreation, sporting events, community events, cultural events, sweepstakes, and contests; Online information services, namely, providing information via social media in the fields of outdoor recreation, sporting events, |

| | | |
|---|---|---|
| | | community events, cultural events, sweepstakes, and contests |
| 97881269 | MAVERIK PAY | IC 009 - Magnetically encoded payment cards; Magnetically encoded debit cards |
| | | IC 036 - Payment services, namely, providing electronic processing of electronic funds transfer, ACH, debit cards, electronic checks and electronic payments; Payment card services, namely, issuing of stored value cards, gift cards and debit cards; Debit card services, namely, issuing of debit cards; Electronic payment services, namely, providing electronic processing of electronic funds transfer, ACH, debit cards, electronic checks and electronic payments; Electronic cash transaction services; Financial services, namely, debit card transaction processing services and electronic cash transactions; Electronic payment transaction services |
| 97881288 | MAVERIK REWARDS | IC 009 - Magnetically encoded payment cards; Magnetically encoded debit cards; Magnetically encoded gift cards; Magnetically encoded loyalty rewards cards; Magnetically encoded payment cards in the fields of transportation and convenience store services; Magnetically encoded cards, namely, debit cards, gift cards, and loyalty rewards cards in the fields of transportation and convenience store services; Downloadable software applications for collecting, organizing and displaying digital data relating to customer information, retail information and customer rewards in the convenience store industry; Downloadable software applications for collecting, organizing and displaying digital data relating to customer information, retail information and customer rewards in the transportation industry; Downloadable software applications for accumulation of loyalty rewards amongst users; Downloadable mobile phone applications for |

| | | |
|---|---|---|
| | | collecting, organizing, and displaying digital data relating to customer information, retail information, and customer rewards in the transportation industry; Downloadable mobile phone applications for accumulation of loyalty reward points amongst users; Downloadable application software for mobile phones and tablet and hand-held computers, namely, downloadable software for processing financial transactions in the transportation industry<br><br>IC 035 - Providing incentive award programs for customers through issuance and processing of loyalty points for purchase of a company's goods; Providing incentive award programs for customers through the distribution of magnetically encoded loyalty rewards cards and through issuance and processing of loyalty points for on-line purchase of a company's goods and services for the purpose of promoting and rewarding loyalty<br><br>IC 036 - Issuing payment cards, namely, issuing stored value cards; Issuing payment cards in the nature of debit cards; Issuing of debit cards; Payment card services, namely, issuing of gift cards and debit cards; Debit card payment processing services in the fields of transportation and convenience store services; Fleet card services in the nature of charge card payment processing services for use in the transportation industry |
| 98278840 | MAVERIK XFLEET | IC 009 - Payment cards, namely, magnetically encoded credit cards; Magnetically encoded payment cards; Magnetically encoded debit cards; Magnetically encoded payment cards in the fields of transportation and convenience store services |

| | | IC 036 - Payment card services, namely, issuing of credit cards and debit cards; Issuing of debit cards |
|---|---|---|

(collectively, the "MAVERIK Applications"). Printouts from the TSDR Database of the MAVERIK applications are attached hereto as Exhibits 6–10, respectively.

25.     Due to the continual use of Maverik's MAVERIK Marks, the marks have come to indicate a single source of Maverik's goods and services. Maverik's MAVERIK Marks have further come to indicate Maverik as the single source of such quality goods and services.

**Maverik Oils' Infringing Conduct**

26.     Upon information and belief, Maverik Oils is using the mark "MAVERIK OILS" ("the MAVERIK OILS Mark") in connection with the sale of various oils.

27.     Maverik Oils uses the MAVERIK OILS Mark in connection with the sale of oils for use with baking and snacks, advertising that some of the products that its oils and baking release agents are used for include bread, buns, bagels, tortillas, nutritional bars, chips, and cakes.

28.     Maverik Oils uses the MAVERIK OILS Mark in connection with the sale of oils for use for food processing, advertising that its oils can be used with plant-based meats, salad dressings, dairy alternatives, dips, hummus, and meat processing.

29.     Maverik Oils uses the MAVERIK OILS Mark in connection with the sale of oils for the cosmetic and pharmaceutical industry.

30.      Maverik Oils uses the MAVERIK OILS Mark in connection with the sale of oils for a variety of specialty industries, advertising that it provides specialty lubricants, fluids, greases, oils, and release agents that can be used in specialty industries.

31.     For instance, Maverik Oils uses the MAVERIK OILS Mark in connection with the sale of hydraulic fluids:



32.     Maverik Oils uses the MAVERIK OILS Mark to advertise nationwide distribution of its products, including through fuel tankers.



33.    Maverik Oils' MAVERIK OILS Mark is similar to and likely to cause confusion with Maverik's MAVERIK Marks when used as a trademark in connection with the sale, offering for sale, distribution, advertising, and promotion of Maverik Oils' goods and services.

34.    The word portions of Defendant's mark and Maverik's MAVERIK Marks are visually and aurally similar; both prominently feature the entirety of the term "MAVERIK." The addition of the word "OILS" in Defendant's Mark does nothing to distinguish it from Maverik's MAVERIK Marks because it is disclaimed and it is likely to indicate to consumers a new product and/or service created in connection with Maverik's MAVERIK Marks, as opposed to indicating a different brand or source.

35.    Moreover, the goods and services Maverik Oils offers in connection with the MAVERIK OILS Mark are similar to the goods and services offered under the MAVERIK Marks.

36.    For instance, both parties use their marks in connection with the sale of oils.

37.    Both parties also use their marks in connection with the sale, offering for sale, distribution, advertising, and promotion of goods that are associated with foods and snacks.

38.    Both parties also use their marks in the same channels of trade, for example through online advertising using the respective MAVERIK OILS Mark (https://maverikoils.com/) and MAVERIK Marks (https://maverik.com/). They also advertise on, among other things, fuel containers:




39.     Maverik Oils' use of the MAVERIK OILS Mark is without Maverik's license, permission, or authority and is likely to cause confusion, mistake, and deception among consumers.

40.     Upon information and belief, Maverik Oils uses the MAVERIK Mark with actual knowledge of Maverik's rights in and to the MAVERIK Marks. Notwithstanding such knowledge, Maverik Oils has acted and continues to act with wanton disregard for Maverik's rights, and with the willful intent and purpose of improperly taking or benefiting from the favorable reputation and valuable goodwill Maverik has established in the MAVERIK Marks.

41.     The MAVERIK OILS Mark is a colorable imitation of and confusingly similar to Maverik's MAVERIK Marks.

42.     Maverik Oils use of the MAVERIK OILS Mark in connection with oils is likely to cause, to the extent it has not already caused, actual confusion, actual injury, and loss of goodwill and business to Maverik.

43.     Upon information and belief, Maverik has been damaged as a result of Maverik Oils' actions as alleged herein.

**CAUSES OF ACTION**

**COUNT I: Trademark Infringement**

44.     Maverik incorporates the preceding paragraphs as though fully set forth herein.

45.     Maverik Oils' acts constitute infringement of Maverik's exclusive rights to the MAVERIK Marks in violation of the Lanham Act, specifically 15 U.S.C. § 1125, and of Maverik's trademark rights under Utah state and common law.

46.     Maverik Oils has used in commerce reproductions, counterfeits, copies, or colorable imitations of Maverik's MAVERIK Marks, namely the MAVERIK OILS Mark, in connection with the sale, offering for sale, distribution, or advertising of Maverik Oils' goods and services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.

47.     Maverik Oils' acts of infringement have caused damage to Maverik, and Maverik seeks judgment pursuant to 15 U.S.C. § 1117 for 1) Maverik Oils' profits made by Maverik Oils' unauthorized and infringing use of the MAVERIK Marks, 2) the damages sustained by Maverik, 3) all costs necessary to remediate the infringing uses and their effects, and 4) the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to address Maverik Oils' actions.

48.     Maverik seeks an award of punitive and/or treble damages for at least three times the amount of Maverik Oils' profits or Maverik's damages, whichever is greater, due to the nature of Maverik Oils' wanton and willful conduct.

49.     Pursuant to 15 U.S.C. § 1116 and equity, Maverik is entitled to preliminary and permanent injunctive relief against Maverik Oils to stop the illegal infringing conduct.

50.     Pursuant to 15 U.S.C. § 1118 and equity, Maverik is entitled to impoundment and destruction of infringing articles.

51.     Maverik is further entitled to all available remedies provided by common law, including, but not limited, to temporary and permanent injunctive relief, Maverik Oils' profits, any damages sustained by Maverik, and costs.

## COUNT II: Unfair Competition/Passing Off in Violation of the Lanham Act U.S.C. § 1125(A)

52.     Maverik incorporates the preceding paragraphs as though fully set forth herein.

53.    Maverik Oils has used names and marks that are confusingly similar to Maverik's MAVERIK Marks with the intent to deceive the public into believing that goods and services offered or sold by Maverik Oils are made by, approved by, sponsored by, or affiliated with Maverik.

54.    Maverik Oils' acts as alleged herein were committed with the intent to pass off Maverik Oils' goods and services as the goods and services of, approved by, sponsored by, or affiliated with Maverik, and with the intent to deceive and defraud the public.

55.    Maverik Oils' acts constitute unfair competition and passing off, and have caused Maverik damages, including, without limitation, lost profits, harm to reputation, and costs to remediate the confusion and harm to Maverik's goodwill and reputation caused by Maverik Oils.

56.    Maverik Oils' acts constitute violations of 15 U.S.C. § 1125. Maverik Oils' acts of unfair competition have caused damage to Maverik, and Maverik seeks judgment pursuant to 15 U.S.C. § 1117 for 1) Maverik Oils' profits made by Maverik Oils' unfair competition and passing off of Maverik's goods and services, 2) the damages sustained by Maverik, 3) all costs necessary to remediate the unfair competition and passing off and their effects, and 4) the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to address Maverik Oils' actions.

57.    Maverik further seeks judgment for three times the amount of Maverik Oils' profits or Maverik's damages, whichever is greater, due to the nature of Maverik Oils' conduct.

58.    Pursuant to 15 U.S.C. § 1116 and equity, Maverik is entitled to preliminary and permanent injunctive relief against Maverik Oils to stop the illegal infringing conduct.

59.    Pursuant to 15 U.S.C. § 1118 and equity, Maverik is entitled to impoundment and destruction of infringing articles.

### COUNT III: Unfair Competition in Violation of Utah Common Law

60.     Maverik incorporates the preceding paragraphs as though fully set forth herein.

61.     As alleged herein, Maverik owns Maverik's MAVERIK Marks, which are valid and legally protectable.

62.     Maverik Oils' infringing use of the MAVERIK Marks is likely to cause confusion concerning the origin of the goods and services associated with the marks.

63.     As alleged herein, Maverik Oils' conduct is likely to cause, if it has not already, customer confusion in violation of Utah common law.

64.     Maverik Oils' foregoing acts constitute unfair competition and infringement of Maverik's registered and common law rights for which Maverik has no adequate remedy at law.

65.     Maverik Oils' acts of unfair competition have caused damage to Maverik, and Maverik seeks judgment for 1) Maverik Oils' profits made by Maverik Oils' unfair competition and/or passing off of Maverik's goods and services, 2) the damages sustained by Maverik, 3) all costs necessary to remediate the unfair competition and passing off and their effects, and 4) the costs incurred in bringing the present action and prior attempts to remedy Maverik Oils' actions.

66.     Maverik further seeks judgment for punitive damages for at least three times the amount of Maverik Oils' profits or Maverik's damages, whichever is greater, due to the nature of Maverik Oils' conduct.

67.     Further, Maverik is entitled to preliminary and permanent injunctive relief against Maverik Oils to stop the illegal conduct.

### COUNT IV: Injury to Business Reputation – Dilution
### Utah Code § 70-3a-403

68.     Maverik incorporates the preceding paragraphs as though fully set forth herein.

69.    Prior to Maverik Oils' use of the MAVERIK OILS Mark, Maverik's MAVERIK Marks had become famous.

70.    Maverik's MAVERIK Marks became famous based on the inherent or acquired distinctiveness of the marks in Utah. Maverik's MAVERIK Marks are the sole marks in Utah to use the distinctive spelling of "Maverik." Moreover, through Maverik's continual use of the MAVERIK Marks in the State, the Marks have acquired distinctiveness.

71.    Maverik's MAVERIK Marks became famous based on the duration and extent of use of the marks in connection with the goods and services with which the mark is used. Maverik has used the MAVERIK Marks in Utah continually since at least 1960 with its fuel and convenience store services and with the goods sold therein.

72.    Maverik's MAVERIK Marks became famous based on the duration and extent of Maverik's advertising and publicity of the marks in Utah. Maverik has advertised and publicized the MAVERIK Marks continually in Utah for over 60 years.

73.    Maverik's MAVERIK Marks became famous based on the geographical extent of the trading area in which the marks are used. Maverik has offered its goods and services under the MAVERIK Marks throughout the entire state of Utah.

74.    Maverik's MAVERIK Marks became famous based on the channels of trade for the goods or services with which the marks are used. Maverik has marketed its goods and services in Utah through all available channels, including through television, radio, and internet.

75.    Maverik's MAVERIK Marks became famous based on the recognition of the marks in the trading areas and channels of trade in Utah that are used by Maverik and Maverik Oils, including through the internet.

76.    Maverik's MAVERIK Marks became famous based on the nature and extent of the use of the same or similar marks by third parties. No third parties within Utah use marks similar to the MAVERIK Marks with their distinctive spelling.

77.    Maverik's MAVERIK Marks became famous based on their federal registrations.

78.    On information and belief, Maverik Oils' use of the MAVERIK OILS Mark has caused dilution of the distinctive quality of the MAVERIK Marks in Utah.

79.    Maverik is entitled to an injunction against Maverik Oils' commercial use of the MAVERIK OILS Mark.

80.    On information and belief, Maverik Oils willfully intended to use the MAVERIK OILS Mark to trade on Maverik's reputation or cause dilution of Maverik's famous MAVERIK Marks.

81.    Maverik Oils' willful dilution of Maverik's famous marks or intent to trade on Maverik's reputation has caused damage to Maverik, and Maverik seeks judgment for 1) Maverik Oils' profits from the wrongful manufacture, use, display, or sale of products bearing the MAVERIK OILS Mark, or 2) all damages sustained by Maverik from Maverik Oils' manufacture, use, display, or sale of products bearing the MAVERIK OILS Mark.

82.    Maverik further seeks judgment in an amount at least three times the amount of Maverik Oils' profits or Maverik's damages, whichever is greater, due to the nature of Maverik Oils' conduct.

83.    Maverik also seeks an award of its reasonable attorneys fees.

## ENTITLEMENT TO INJUNCTIVE RELIEF

84.    Maverik incorporates the preceding paragraphs as though fully set forth herein.

85. By reason of Maverik Oils' acts alleged herein, Maverik has and will suffer immeasurable, and thus irreparable, damage to its business, reputation, and goodwill.

86. Upon information and belief, Maverik Oils intends to continue to do the acts complained of herein unless restrained and enjoined.

87. Maverik's remedy at law is inadequate.

88. Maverik is entitled to a preliminary and permanent injunction prohibiting Maverik Oils and its affiliates, agents, servants, and employees, and anyone acting with its authority or on its behalf, from directly or indirectly using any mark, work, name, or domain name similar to Maverik's MAVERIK Marks, which is likely to cause confusion or mistake or to deceive.

## **PRAYER FOR RELIEF**

WHEREFORE, Maverik prays:

A. The Court enter a judgment in favor of Maverik and against Maverik Oils as to all causes of action alleged herein;

B. That this Court issue preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, Utah law, including Utah Code § 70-3a-403, and equity enjoining and restraining Maverik Oils and its affiliates, agents, partners, servants, and employees, or anyone acting within its authority or on its behalf, from directly or indirectly using any mark, word, designation, name, or domain name similar to Maverik's MAVERIK Marks that is likely to cause confusion or mistake or to deceive;

C. That, within five (5) days of issuance of preliminary and/or permanent injunctions, the Court order Maverik Oils to file a sworn statement under oath and subject to penalty of perjury that it has fully complied with the terms of the injunctions;

D.  That this Court, pursuant to 15 U.S.C. § 1118 and equity, order that all labels, signs, prints, packages, wrappers, receptacles, pictures, websites, advertisements, and articles, both in print and other media, in the possession or under the control of Maverik Oils bearing any mark, word, designation, name, or domain name that is confusingly similar to Maverik's MAVERIK Marks and all plates, molds, matrices, and other means of making the same, shall be delivered to Maverik and destroyed;

E.  That Maverik Oils be required to account to Maverik for any and all benefits or profits derived by Maverik Oils from the use of any name or mark incorporating any mark, word, designation, name, or domain name that is confusingly similar to Maverik's MAVERIK Marks, including the sale of any and all products or services associated with any such name or mark, and for all damages sustained by Maverik by reason of said acts of unfair competition, false designation of origin, and/or other illegal acts complained of herein to the full extent permitted by 15 U.S.C. § 1117 and 1125; Utah Code §§ 70-3a-403 and 70-3a-404; and Utah common law.

F.  That this Court award Maverik treble damages in an amount no less than three times the amount of Maverik Oils' profits or Maverik's damages, whichever is greater, due to the wanton, egregious, willful, deliberate, intentional, and/or malicious nature of its actions;

G.  That the costs of this action be awarded to Maverik;

H.  That Maverik be awarded its reasonable attorney fees due to the exceptional nature of this case and Maverik Oils' intentional, wanton, and willful illegal conduct;

I.  That Maverik Oils be liable for any award of monetary damages, statutory damages, treble damages, punitive damages, costs, and/or attorney fees;

J.   That pre-judgment and post-judgment interest be awarded to Maverik; and

K.   That this Court grant such other and further relief as it shall deem just.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues to triable.


DATED this 17th day of September, 2025          Respectfully submitted,

WORKMAN NYDEGGER

/ Ryan C. Morris /
Matthew A. Barlow
Ryan C. Morris

Attorneys for Plaintiff Maverik, Inc.